**UNITED STATES of America**

v.

**FELDER, Terry.**

**Appeal of Terry FELDER.**

**No. 84–1054.**

United States Court of Appeals, Third Circuit.

Argued Aug. 6, 1984.

Decided Sept. 14, 1984.

Sally A. Kocher (argued), Asst. Defender, Defender Ass'n of Philadelphia, Federal Court Div., Philadelphia, Pa., for appellant.

Brian P. Kenney (argued), Asst. U.S. Atty., Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Philadelphia, Pa., for appellee.

Before SEITZ, GIBBONS, and HUNTER, Circuit Judges.

**OPINION OF THE COURT**

JAMES HUNTER, III, Circuit Judge:

This appeal arises from a judgment imposing a prison sentence under 18 U.S.C. § 3575 (1982), the federal statute which authorizes augmented sentencing for defendants with multiple previous felony convictions. The appellant here, Terry Felder ("Felder"), attacks his ten year prison sentence under this statute as disproportionate

to the two-year maximum sentence authorized for his underlying offense.

On June 4, 1982, Terry Felder was convicted by a federal jury of one count of violating 18 U.S.C. App. § 1202(a)(1), which proscribes the possession of firearms by a convicted felon and carries a two-year maximum sentence. The district court subsequently determined that Felder was a "dangerous special offender" under 18 U.S.C. § 3575. This statute defines a "special offender" as one who either: (1) has been convicted of two or more previous felonies, one within the last five years; (2) is a professional criminal in that he derives a substantial amount of income from criminal activity, and he manifests special skill or expertise; or (3) is an organized criminal in that the crime involved is a conspiracy in which the defendant played a supervisory role. To find a defendant a "dangerous" special offender, the court must conclude that "a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant." 18 U.S.C. § 3575(f). Once a court determines that a defendant is a dangerous special offender, it may sentence him "to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony." 18 U.S.C. § 3575(b).

Felder's previous criminal convictions, one within the last five years, led the district court to find that Felder was a dangerous special offender. Accordingly, the district court imposed an augmented sentence of twelve years imprisonment. Felder appealed the sentence to this court on the ground that it was unjustified under 18 U.S.C. § 3575 as it was "disproportionate in severity" to the two-year maximum sentence for the underlying offense. This court, in *United States v. Felder,* 706 F.2d 135 (3d Cir.1983), vacated the sentence, not because it was found disproportionate, but because the district court failed to articulate "its reasons for the sentence imposed," as the statute requires. 18 U.S.C. § 3575(b). We observed that at "no time in the pro-

ceeding did the trial judge refer to the otherwise applicable two year maximum for Felder's felony, nor did the court indicate why a twelve year sentence, constituting a six fold augmentation, was proportionate." 706 F.2d at 141.

On remand, the district court resentenced Felder to a ten-year term to run concurrently with any state sentence Felder was serving. At the resentencing, the court specifically addressed the proportionality requirement and set out in detail its reasons for imposing a ten year prison term. Noting Felder's long history of previous arrests and convictions, the district court concluded that a period of confinement five times longer than the two years provided by law for the weapons offense was required to protect the public from Felder's criminal activity.

Felder appealed his reduced sentence on the ground that the district court had relied on several juvenile and summary offense convictions rendered when Felder was unrepresented by counsel. All parties subsequently agreed to remand to the district court to consider this problem. The district court agreed not to consider three uncounselled juvenile convictions and two uncounselled shoplifting convictions and again modified Felder's sentence. Although still sentencing Felder to a ten-year prison term, the court this time ordered that Felder be eligible for parole under 18 U.S.C. § 4205(b)(2). According to this provision, a defendant need not serve the ordinary minimum of one-third of his sentence before parole eligibility, but may become eligible for parole at any time the Parole Commission determines. The district court specifically stated that the addition of the unrestricted parole eligibility was intended to lower the minimum sentence Felder must serve. Felder then filed this appeal, authorized under 18 U.S.C. § 3576, alleging that the sentence imposed by the district court was disproportionate in severity to the maximum penalty for the underlying offense.

**20**

### I.

■ Ordinarily, appellate courts play a very limited role in reviewing criminal sentences. Absent procedural defects, if a sentence falls within the statutory limitation, this court will not interfere with the trial court's sentencing discretion. *United States v. Felder*, 706 F.2d 135, 137 (3rd Cir.1983); *United States v. Dickens*, 695 F.2d 765, 782 n. 26 (3d Cir.1982), *cert. denied*, 460 U.S. 1092, 103 S.Ct. 1792, 76 L.Ed.2d 359 (1983) (sentence not reviewable if within the maximum allowed by statute). Moreover, the district court need not give its reasons for imposing specific sentences. *United States v. Del Piano*, 593 F.2d 539, 540 (3d Cir.), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979). In this case, however, the district court sentenced Felder under the dangerous special offenders statute, 18 U.S.C. § 3575, for which Congress has provided a separate appellate review statute, vesting considerably more discretion in the appellate court. 18 U.S.C. § 3576. Section 3576 provides that after imposition of a sentence under section 3575, either the government or the defendant may appeal to the court of appeals. It states, in part:

> Review of the sentence shall include review of whether the procedure employed was lawful, the findings made were clearly erroneous, or the sentencing court's discretion was abused. The court of appeals on review of the sentence may, after considering the record, including the entire presentence report, information submitted during the trial ... and the sentencing hearing, and the findings and reasons of the sentencing court, affirm the sentence, impose or direct the imposition of any sentence which the sentencing court could originally have imposed, or remand for further sentencing proceedings and imposition of sentence, except that a sentence may be made more severe only on review of the sentence taken by the United States and after hearing.

■ As the language of the statute indicates, the appellate court has a broad range of review. We may affirm, remand for resentencing, or impose a new sentence after an independent review of the record. *See United States v. Felder*, 706 F.2d 135, 138 (3d Cir.1983); *United States v. Stewart*, 531 F.2d 326, 331 (6th Cir.), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976). Felder, in this case, asks that we vacate the district court's sentence and enter a new sentence. We decline to do so and affirm the district court in all respects.

### II.

■ The proportionality language in section 3575 is intended to ensure that "the sentence for an offense remain[s] at least partially focused on that offense rather than on prior conduct or other factors." *United States v. Felder*, 706 F.2d 135, 138 (3d Cir.1983). *See also United States v. Davis*, 710 F.2d 104, 108 (3d Cir.), *cert. den.*, — U.S. —, 104 S.Ct. 505, 78 L.Ed.2d 695 (1983); *United States v. Pleasant*, 730 F.2d 657, 663 (11th Cir.1984). In addition, this court set forth guidelines in *Felder*, reiterated in *Davis*, for complying with the proportionality requirement. *Davis*, 710 F.2d at 108; *Felder*, 706 F.2d at 140. We emphasized that courts should consider factors such as

> the nature and seriousness of the conduct which led to the defendant's characterization as a dangerous special offender in the first place. Thus, for defendants characterized as dangerous special offenders because of recidivism ... the number, type and time of the prior offenses will be relevant, as well as 'information about the defendant, his crime, and the context in which it was committed.'

*Felder*, 706 F.2d at 140 (quoting S.Rep. No. 617, 91st Cong., 1st Sess. 91 (1969)); *Davis*, 710 F.2d at 108 (quoting *Felder*). These guidelines provide for substantial discretion in the district court. *See United States v. Pleasant*, 730 F.2d 657, 663 (11th Cir.1984) ("proportionality requirement is a fairly broad one"). Congress did not adopt a specific ratio of proportionality, and this

court will not do so in the absence of legislative direction.

In this case, the district court in its resentencing hearing of July 12, 1983 fully articulated the reasons for its sentence and carefully followed the guidelines provided by this court. The court noted that its sentence represented a five-fold increase over the two-year maximum sentence for Felder's underlying offense. App. at 87a. The court stated that it had considered the presentence report and the comments of counsel. *Id.* It observed that Felder's offense, possession of a gun by a felon, was particularly heinous "in view of the defendant's long and serious history of assaultive behavior which involves, *inter alia*, separate convictions for robbery and voluntary manslaughter." App. at 88a. The court also observed that the manslaughter victim had been his brother and had died after being stabbed in the back. Furthermore, Felder's present offense was a violation of his parole resulting from the manslaughter conviction, and the district court stated that "not even substantial periods of incarceration in the past have deterred the defendant from criminal activity or association with other criminals." *Id.* In arriving at its final sentence of ten years with open parole eligibility, the district court considered nine of defendant's arrests and two convictions, and excluded defendant's uncounselled juvenile and summary offenses. The offenses considered included a 1970 conviction for robbery, six arrests between 1970 and 1976 on charges including rape,

aggravated assault, burglary and possession with intent to deliver heroin, the 1976 conviction for voluntary manslaughter, a parole violation in 1979, the arrest for the present offense in 1980 and a charge of aggravated assault for a stabbing of another inmate while in jail for the present offense. App. at 88a–90a. The district court justifiably concluded that "the instant offense fits into a long-standing pattern of criminal activity and association, colored by violent or assaultive conduct on the part of the defendant." App. at 90a.

We have reviewed the district court's sentence and his articulated reasons for his sentence. We have also made an independent review of the information the court used in arriving at its sentence. We conclude that the district court clearly acted within its discretion in imposing the ten-year sentence with open parole eligibility under 18 U.S.C. § 4205(b)(2). Furthermore, our independent review of all the evidence heard by the district court in the resentencing hearings persuades us that the sentence was proper. We need not exercise our authority under 18 U.S.C. § 3576 either to resentence or to remand for resentencing.[1] Accordingly, the judgment of the district court will be affirmed.

---

1. We are not persuaded by defendant's argument that a comparison between the facts in his case and in the *Davis* case indicates that his sentence is unjustified. It is true that both Felder and Davis committed the same underlying offense and that Davis had a more alarming record of violent criminal behavior. But a comparison of Felder's and Davis's sentences reveals that, in fact, Davis obtained a significantly more severe sentence. Under 18 U.S.C. § 4205(a), a prisoner must ordinarily serve one-third of his sentence prior to parole eligibility. In Davis's case, since he received a twelve-year sentence, he would be required to serve four years. Felder received only a ten-year sentence and the district court made his sentence subject to 18 U.S.C. § 4205(b)(2). Under this provision Felder is eligible for parole at any time in the

discretion of the Parole Commission and need serve no minimum jail term.

A comparison between the *Davis* case and this case on the disproportionality issue in no way aids Felder's case. On the contrary, it shows that even a twelve-year sentence for possession of a gun by a felon need not be "disproportionate in severity to the maximum term otherwise authorized by law for such felony." 18 U.S.C. § 3575(b). *See also United States v. Pleasant*, 730 F.2d 657, 663 (11th Cir.1984) ("As long as the nature and circumstances of the offense, including the offender's prior record, show the offense to be grave enough so that the enhanced penalty is not clearly out of line as a punishment for the offense, we will uphold the sentencing judge's determination of the appropriate sentence.").