**Gene Willard GAYLOR**

v.

**UNITED STATES of America.**

**Civ. A. No. 84–1237.**

United States District Court, W.D. Virginia.

March 7, 1986.

Gene Willard Gaylor, Leavenworth, Kan., for plaintiff.

E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Gene Willard Gaylor is a federal prisoner who has filed a motion pursuant to 28 U.S.C. § 2255 attacking his sentence as a dangerous special offender under 18 U.S.C. § 3575. As a dangerous special offender, movant was sentenced to twenty (20) years imprisonment, four times the maximum punishment normally allowed for an attempted escape. As grounds for relief, the *pro se* petition raises the following claims:

a) The government's use of movant's 1978 conviction was erroneous and in violation of § 3375(e)(1), thereby denying movant's Fifth Amendment rights.

b) Movant's 1957 state conviction was invalid on its face and was improperly used to support movant's classification and enhanced punishment as a dangerous special offender.

c) The sentencing judge's written findings of fact were insufficient for purposes of § 3575(b).

d) Movant's enhanced dangerous special offender sentence is cruel, unusual and disproportionate punishment.

e) Section 3575(b) is unconstitutionally vague in that it fails to provide adequate and ascertainable standards for determining "proportionality".

Respondent, through counsel, has filed a motion to dismiss the section 2255 motion. Movant was given an opportunity to submit counter-affidavits or other relevant evidence contradicting, explaining, or avoiding respondent's evidence and was warned that failure to respond might, if appropriate, result in a judgment for respondent. Movant has submitted his response, rendering the action ripe for the court's consideration.

■■■ Respondent's first argument is that because movant has appealed his conviction and has attacked the validity of his treatment as a dangerous special offender, the merits of this § 2255 motion should not be considered by the court. This court recognizes that section 2255 proceedings are not to be used as a substitute for appeal or as a forum for relitigation of an appeal. It appears, however, that the points raised in this action are not the same as those raised in his appeal even though he did contend that he should not have been classified as a dangerous special offender. Thus, according the petition the liberal treatment given to *pro se* pleadings, the court shall consider the merits of the claims.

■■■ Upon review of the claims, the court is of the opinion that movant is not entitled to the relief he seeks. As to the claim that the 1978 conviction should not have been used more than once, the court can find no support for such a position. Nothing in the nature of the conviction precluded it from being used in the proceeding pursuant to section 3575. Although the conviction was brought in movant's trial for attempted escape to show that he was lawfully incarcerated at the time of the attempt, it did not thereby become a part of the conviction for attempted escape. The 1978 conviction was a valid prior conviction usuable in connection with the section. In addition, once a prior conviction is used under the section, it must be used a second time to show that the defendant was incarcerated for at least one of the convictions and that less than five years have elapsed between the commission of the felony and either defendant's release or his commission of the last previous offense. 18 U.S.C. § 3575(e)(1). Moreover, the court is further bound to consider the prior convictions, including the 1978 conviction at issue here, in determining what punishment is appropriate for the defendant. Subsection (b) allows consideration of everything in a defendant's presentence report. *See United States v. Williamson*, 567 F.2d 610 (4th Cir.1977). Were this court to agree with movant's argument, it would be necessary to hold that three or more prior convictions are required to support an enhanced punishment under section 3575. This would be in direct conflict with the clear language of the statute defining a special offender as one who has been convicted of "two or more offenses committed on occasions different from one another and from [the felony subject to imposition of the enhanced sentence]." 18 U.S.C. § 3575(e)(1).

■■■ As to movant's claim that his 1957 conviction should not have been used as one of the prior convictions for classifying him as a dangerous special offender, the court cannot grant relief in this proceeding. Although petitioner argues that the 1957 conviction is invalid on its face and that, therefore, this court has the power to declare it invalid for the purposes of this action, this court cannot agree. Initially, the court notes that the conviction is not invalid on its face. Movant has alleged insufficiencies that would require an indepth review of the state proceedings. Movant's reliance on *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), is misplaced. In *Tucker*, the prior convictions had been conclusively determined to be invalid in the state courts after the petitioner's original federal sentencing. If movant in this case had attacked his conviction in the state courts and the conviction had been determined to be invalid, this court would be compelled to

reconsider movant's federal sentence. This, however, is simply not the case.

■ Movant has also misread the language in subsection (e) referring to collateral review. That part of the subsection states, "A conviction shown on direct or collateral review or at the hearing to be invalid or for which the defendant has been pardoned on the ground of innocence shall be disregarded for purposes of paragraph (1) of this subsection." Although a review at the § 3575 hearing of the validity of a prior conviction is contemplated by the dangerous special offender statute, this review cannot be required in a proceeding pursuant to 28 U.S.C. § 2255. The Fourth Circuit in a recent decision held that collateral review of the validity of a prior conviction is proper at the special offender hearing where the issue is raised at the hearing. *United States v. Scarborough,* 777 F.2d 175 (4th Cir.1985). The court did not, however, consider the propriety of collateral review of a state conviction in a section 2255 proceeding attacking a sentence imposed pursuant to section 3575. This court is of the opinion that to require such review would be to go too far. Petitioner did not raise the invalidity of the 1957 conviction at the section 3575 hearing; thus, the sentencing judge had no reason to question its validity and no error was made in the failure to do so. Movant has not presented any argument or evidence tending to show that the validity should have been considered at the time.

■ In federal habeas corpus review under section 2255, a court is not entitled to make its own findings as to the validity of state convictions. *See United States v. Tucker, supra.* In an attack on a state conviction, a petitioner is clearly required to exhaust state court remedies prior to presenting his claims in federal court. 28 U.S.C. § 2254; *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). If this court were required under section 2255 and section 3575 to consider the validity of movant's 1957 conviction, such a construction of the statutes would directly conflict with section 2254. Where statutes

seem to be inconsistent, a court should construe them in a manner, to the extent possible, to render them consistent. Accordingly, it is the opinion of the court that it cannot now review the 1957 conviction in the absence of exhaustion of state remedies.

■ Movant's third claim is that the sentencing judge's written findings of fact were insufficient. In considering this claim, it is important to keep in mind the scope and standard of review appropriate under 28 U.S.C. § 2255. In habeas corpus proceedings a court must consider whether the circumstances affected the fundamental fairness of the conviction or sentence. Nonconstitutional error does not provide a basis for collateral attack unless it involves a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). *See also United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). The reasons set forth by Judge Dalton for the finding that movant was a dangerous special offender and that a twenty year sentence was appropriate were sufficient to support the decision. The judge made a separate finding that movant was "dangerous" within the meaning of § 3575(f), citing as the basis of his finding movant's criminal history, his threats of violence, and his long involvement with "pervasive criminal conduct". This court finds that the sentencing judge based his finding of dangerousness on probative evidence that movant was likely to engage in dangerous criminal behavior in the future. This was sufficient for purposes of the statute. *See United States v. Scarborough, supra,* 777 F.2d at 185; *United States v. McCoy,* 767 F.2d 395, 401–02 (7th Cir.1985).

■ Movant also contends that the sentencing judge's finding that twenty years was not disproportionate in severity to the maximum term otherwise authorized for the felony was insufficient. The judge's finding in this regard was as follows:

The Court is of the opinion that a substantial sentence is required to pro-

tect the public from further criminal conduct by the defendant and accordingly believes that a sentence of twenty years is appropriate under 18 U.S.C. § 3575(b). As support for his position, movant cites *United States v. Felder,* 706 F.2d 135 (3d Cir.1983). In *Felder,* the court noted that the maximum sentence otherwise authorized must be kept in sight in determining the enhanced sentence. *Id.* at 140. The court vacated the sentence imposed by the district court because

> [a]t no time in the proceeding did the trial judge refer to the otherwise applicable two year maximum for Felder's felony, nor did the court indicate why a twelve year sentence, constituting a six fold augmentation, was proportionate.

*Id.* at 141. The decision in *Felder* does not require that the sentencing judge specifically mention the maximum sentence for the felony in question, but it does require the judge to indicate a reason for sentencing as he did.

Because of the broad language of the statute, judges retain discretion as to setting the appropriate sentence. There is no specific narrow ratio between sentences with and without the section 3575 enhancement. *United States v. Pleasant,* 730 F.2d 657, 663 (11th Cir.1984). In *Pleasant,* the court stated:

> As long as the nature and circumstances of the offense, including the offender's prior record, show the offense to be grave enough so that the enhanced penalty is not clearly out of line as a punishment for the offense we will uphold the sentencing judge's determination of the appropriate sentence.

*Id.* at 663. In this case, the judge clearly considered the nature and circumstances of the offense and stated his reason for imposing a twenty year sentence. The failure to explicitly note that the maximum sentence for attempted escape was five years and that the twenty year sentence was four times that otherwise authorized does not render the sentence constitutionally invalid and subject to a successful attack in a section 2255 proceeding. Although further

clarification of the proportionality of the enhanced sentence would also have been appropriate, this court can find no fundamental defect inherently resulting in a complete miscarriage of justice.

Movant's next claim is that his enhanced dangerous special offender status is cruel, unusual and disproportionate punishment. Undoubtedly, enhancement of a sentence to four times the normal maximum sentence is not *per se* excessive or disproportionate. *See United States v. Felder,* 744 F.2d 18 (3d Cir.1984) (enhanced sentence constituted five-fold increase over normal maximum); *United States v. Davis,* 710 F.2d 104 (3d Cir.1983), *cert. denied,* 464 U.S. 1001, 104 S.Ct. 505, 78 L.Ed.2d 695 (1984) (enhancement of six times otherwise allowable maximum sentence); *United States v. Williamson,* 567 F.2d 610 (4th Cir.1977) (enhanced sentence four times greater than sentence otherwise authorized). Movant argues, however, that the specific circumstances of his case did not warrant such a greatly enhanced sentence. He avers that the offense involved his writing a letter setting out his intent to escape and that he made no "actual physical attempt to escape." In addition, movant notes that the dangerous special offender statute was repealed subsequent to the cases cited by respondent. This court is unconvinced by movant's argument. The sentencing judge properly considered movant's criminal record and his propensity toward violent conduct. The repeal of the statute does not in any way affect the validity of its use in connection with movant's sentencing. Thus, since the enhanced penalty is not clearly out of line as a punishment it should not be vacated as "disproportionate." *See United States v. Pleasant, supra.*

Similarly, the twenty year sentence does not constitute cruel and unusual punishment. The sentence cannot be held to be a purposeless and needless imposition of pain and suffering. Considering the attempted escape, movant's previous felony convictions, his illegal activity, and the need to protect the public, the sentence

makes an appropriate contribution to acceptable goals of punishment and should not be disturbed. *See Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).

Finally, movant argues that section 3575(b) is unconstitutionally vague by virtue of its failure to provide standards for determining when a sentence is "not disproportionate in severity to the maximum then otherwise authorized by law for such felony." The constitutionality of several provisions in section 3575 have been upheld as constitutional. *United States v. Cox,* 719 F.2d 285 (8th Cir.1983), *cert. denied,* 464 U.S. 929, 104 S.Ct. 1714, 80 L.Ed.2d 186 (1984) (section not unconstitutionally vague in its definition of "dangerous"); *United States v. Davis, supra,* (due process clause not violated by allowing finding of dangerousness based on preponderance of the evidence); *United States v. Williamson,* 567 F.2d 610 (4th Cir.1977) (concept of dangerousness not unconstitutionally vague).

Although the Fourth Circuit has not yet considered the provision attacked by movant, it has been held to meet constitutional requirements in *United States v. Stewart,* 531 F.2d 326 (6th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976). As noted in *Stewart,* an act of Congress carries a presumption of constitutionality. *Id.* at 337. *Flemming v. Nestor,* 363 U.S. 603, 617, 80 S.Ct. 1367, 1376, 4 L.Ed.2d 1435 (1960). Further, when a statute is challenged for vagueness a court must seek "an interpretation which supports the constitutionality of the legislation." *Stewart, supra,* 531 F.2d at 337; *citing United States v. National Dairy Products,* 372 U.S. 29, 32, 83 S.Ct. 594, 597–98, 9 L.Ed.2d 561 (1963). Applying these principles, the court in *Stewart* concluded the statute, including the proportionality provision, was not void for vagueness. *Citing United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975).

■ This court is in agreement with the Sixth Circuit's decision in *Stewart.* That Congress might have chosen clearer and more precise language equally capable of achieving its objective does not mean that the statute is unconstitutionally vague. *United States v. Powell,* 423 U.S. at 94, 96 S.Ct. at 320–21; *citing United States v. Petrillo,* 332 U.S. 1, 7, 67 S.Ct. 1538, 1541–42, 91 L.Ed. 1877 (1947). The statute was written in terms to provide more precise sentencing methods, yet to allow the same broad discretion usually afforded the judge in sentencing. *See United States v. Inendino,* 604 F.2d 458 (7th Cir.) *cert. denied,* 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979); *United States v. Stewart, supra.* Moreover, any enhanced sentence is expressly limited to a term not to exceed twenty-five years. This, in connection with the mandate that the term not be disproportionate in severity to the normal maximum sentence, gives sufficient guidance to sentencing judges. The statute does not allow judges to wholly substitute their judgment for that of Congress. Thus, movant is not entitled to relief on his claim that § 3575 is unconstitutionally vague.

Accordingly, for the reasons stated herein, the motion for relief pursuant to section 2255 shall be denied in an Order entered this day.