**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie GRIER, III, Defendant-Appellant.**

No. 87–1141.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1987.

Decided June 29, 1987.

Michael Fuiten, Springfield, Ill., for defendant-appellant.

Gregory K. Harris, Asst. U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Before CUMMINGS, FLAUM, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Willie Grier was convicted by a jury of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 1202(a)(1). Section 1202(a)(1) carries a maximum penalty of two years imprisonment. The district court found Grier to be a dangerous special offender within the meaning of 18 U.S.C. § 3575, however, and sentenced him to twenty years in prison. Grier challenges both his conviction and the twenty-year sentence.

## I. JURY INSTRUCTION

At the close of Willie Grier's trial on the charge of unlawful possession of a firearm by a convicted felon, the district judge instructed the jury that Grier had previously been convicted of aggravated battery. Since the parties had earlier stipulated that the instruction would read only

that Grier had a previous unspecified conviction, the court removed the typed instruction it had read from those it later submitted to the jury. Nevertheless, Grier challenges his conviction based upon the court's reading of the erroneous instruction.[1]

In reviewing the propriety of jury instructions, "they are to be viewed as a whole, and as long as the instructions treat the issues fairly and accurately they will not be interfered with on appeal." *United States v. O'Malley,* 796 F.2d 891, 897 (7th Cir.1986) (citations omitted). Generally, a jury instruction specifying the defendant's prior felony conviction is not improper since proof of the prior conviction is a necessary element in a case brought under § 1202(a)(1). *See, e.g., United States v. Swiatek,* 819 F.2d 721, 729, (7th Cir.1987). Although here the parties had agreed to a contrary stipulation, the court's inadvertent failure to abide by that stipulation did not prejudice Grier. The jury had already learned of Grier's conviction for aggravated battery during both his direct and cross-examinations. During direct examination, the following colloquy occurred:

Q. Have you ever been convicted of any felonies?

A. Yes.

Q. Were you convicted—

A. I was convicted in '83 for aggravated battery.

And, on cross-examination, Grier admitted to the following:

Q. And in 1983 you were convicted of another felony, were you not?

A. Yes.

Q. And that felony was aggravated battery, I believe you testified?

A. Yes.

In addition, the court withdrew the typed instruction from those submitted to the jury. Under the circumstances, the district court properly refused Grier's request for a new trial.

## II. SENTENCING

The court sentenced Grier to twenty-years imprisonment pursuant to the Dangerous Special Offender Act, 18 U.S.C. § 3575(b). Grier does not challenge the court's finding that he is a "special offender" or its finding that he is "dangerous" within the meaning of the Act. He argues only that his sentence is disproportionate in severity to the two-year maximum that he could have received for his underlying conviction.

The Act provides that "the court shall sentence the defendant to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony." 18 U.S.C. § 3575(b). To enable an appellate court to review the sentence, the Act requires the district court to "place in the record its findings including an identification of the information relied upon in making such findings, and its reasons for the sentence imposed." *Id.* Unlike the traditional discretionary review of sentencing, *see, e.g., United States v. Sato,* 814 F.2d 449, 451 (7th Cir.1987), the Act then authorizes appellate courts to "review whether the procedure employed was lawful, the findings made were clearly erroneous, or the sentencing court's discretion was abused." 18 U.S.C. § 3576. We are empowered to "affirm the sentence, impose or direct the imposition of any sentence which the sentencing court could have originally imposed, or remand for further sentencing proceedings...." *Id.*

Here the court orally set forth its findings as follows:

It does seem to me, Mr. Grier, that we have a very serious record here on your behalf.... You apparently are a bad seed.

Appellant's Brief at 9.

This statement alone does not constitute an argument, and the court therefore need not address it. *See United States v. Binder,* 794 F.2d 1195, 1203 (7th Cir.1986); *Clift v. International Union,* 818 F.2d 623, 626 (7th Cir.1987).

---

1. Grier also claims that:
   1. The Court erred in denying Defendant-Appellant's Motion for a judgment of acquittal as it pertains to Count I and made at the close of the evidence of the Government and reasserted at the close of all evidence.

You have one of the most extensive records that I have viewed in a while, and it begins with your very first aggravated battery when you were twenty years of age, and that's twenty-four years ago, and since then you have been under probation. You've been fined. You've been sent to jail. You have been in the State Penitentiary, and you've been in the Federal Penitentiary.

Drugs, heroin, physical violence and force, weapons, knives and guns involved, and I'm only referring, believe me I'm only referring to the convictions, not to any of those other charges that have been filed, dismissed, changed, whatever. I'm only talking about those convictions.

There's clear evidence here that you were an enforcer. You have admitted that you are and were an enforcer for a drug ring, and all of this is extremely serious business, extremely serious. You're a bad egg

. . . .

This offense is perhaps best described as the final straw that breaks the camel's back. It is merely the culmination of a long series of offenses that bring us to this unfortunate stage in Mr. Grier's life. This was just the final nail that is hammered into the coffin's lid, as it were. . . . I can look at this record just as well as anyone, and I've seen a lot of rap sheets in my twenty years on the bench, but you don't see very many that beat this one.

And I say, he's been given every chance in the book in all this period of time, and this enforcer business. You know, this is—this is terrible, and all of of [sic] these weapons, and all of this violence, and all of this use of force. Society simply has to be protected. I'm afraid we're going to have to see that Mr. Grier is gone for a considerable period of time.

Although the government had earlier informed the court of the two-year maximum sentence allowed for Grier's underlying conviction, the court seemed to disregard it, stating only:

Well, of course, the sentencing guidelines go by the board once the Court has adjudged that Mr. Grier is a dangerous special offender under 3575. So those no longer apply in this situation. . . .

The court then imposed a twenty-year sentence, a ten-fold enhancement.

The court clearly gave no express consideration to the statutory requirement of proportionality under § 3575. Although this Court has never addressed the impact of a district court's failure to consider proportionality, several other circuits have. Most notably, the Third Circuit, in *United States v. Felder*, 706 F.2d 135 (3d Cir.1983), held that:

In order to give effect to the proportionality requirement, the court imposing a sentence under the dangerous special offender provision must keep sight of the fact that the maximum sentence for the underlying felony is the only legitimate base for a proportional section 3575 sentence. In that way the underlying felony, which is the reason that the defendant is in court in the first place, will retain its central place in sentencing.

*Id.* at 140. In *Felder*, the district court had sentenced the defendant to twelve years in prison for violating 18 U.S.C. § 1202(a)(1), a six-fold enhancement of the two-year maximum. On appeal, the Third Circuit found that, "[a]t no time in the proceeding did the trial judge refer to the otherwise applicable two year maximum for Felder's felony, nor did the court indicate why a twelve year sentence, constituting a six fold augmentation, was proportionate." *Id.* at 141. Unable to determine whether proportionality had been considered, the court remanded the case for resentencing.

Other circuits have also considered the proportionality requirement of § 3575. In rejecting a challenge to the constitutionality of the proportionality requirement for vagueness, the Tenth Circuit in *United States v. Vigil*, 743 F.2d 751 (10th Cir. 1984), stated:

The statute is intended to provide guidelines for the sentencing judge. Congress clearly intended the sentencing judge to focus on the nature and severity

of the underlying felony conviction in conjunction with the defendant's prior misconduct in determining an 'appropriate' sentence which must not be 'disproportionate' in severity to the maximum term permitted upon conviction of the underlying felony. This is a recidivist statute. Section 3575 and its legislative history render a sound basis to understand, evaluate, and apply the 'proportionality' requirement. The original bill did not have the proportionality provision. It would have allowed the sentencing judge to impose a sentence not in excess of 30 years, *regardless* of the underlying felony. Congress decided to include the proportionality requirement in order to assure that the sentence have some relation to the crime for which guilt has been determined underlying the § 3575 enhancement provision.

*Id.* at 759 (emphasis in original). In *United States v. Pleasant*, 730 F.2d 657 (11th Cir.1984), the Eleventh Circuit stated that, "Congress' express inclusion of a proportionality requirement indicates that the section 3575 sentence must have some relation to the underlying crime." *Id.* at 663. *See also United States v. Blade*, 811 F.2d 461, 469 (8th Cir.1987) (district court's specific mention of proportionality requirement indicated to the reviewing court that it had been considered); *United States v. Stewart*, 531 F.2d 326, 333 (6th Cir.1976) (proportionality requirement differentiates § 3575 from most habitual offender statutes).

■ We find persuasive the Third Circuit's reasoning in *Felder* for requiring the district court to consider proportionality specifically in sentencing a dangerous special offender. We have remanded for resentencing in the past when a district court failed to set forth its findings in sufficient detail as required by § 3575(b), *see, e.g., United States v. McCoy*, 767 F.2d 395, 401 (7th Cir.1985) (remanded for findings regarding the issue of whether the defendant would be a danger to the public), and we find it necessary to do so in the present

case. We therefore remand with directions to the district court to resentence Grier after making findings with respect to Grier's previous offenses and the proportionality between the two-year maximum pursuant to § 1202(a)(1) and the new sentence imposed. Although we express no opinion as to the severity of Grier's original twenty-year sentence, our research reveals that it may be the most severe sentence imposed upon a dangerous special offender for a violation of § 1202(a)(1). *See, e.g., Blade*, 811 F.2d at 461 (9 years); *United States v. Hanahan*, 798 F.2d 187 (7th Cir. 1986) (10 years); *United States v. Oliver*, 787 F.2d 124 (3d Cir.1986) (12 years); *United States v. Adams*, 771 F.2d 783 (3d Cir. 1985) (8 years); *United States v. Vigil*, 743 F.2d 751 (10th Cir.1984) (5 years); *United States v. Felder*, 744 F.2d 18 (3d Cir.1984) (10 years); *United States v. Cox*, 719 F.2d 285 (8th Cir.1983) (6 years); *United States v. Davis*, 710 F.2d 104 (3d Cir.1983) (12 years); *United States v. Harris*, 703 F.2d 508 (11th Cir.1983) (10 years); *United States v. Williamson*, 567 F.2d 610 (4th Cir.1977) (8 years); and *United States v. Bowdach*, 561 F.2d 1160 (5th Cir.1977) (5 years). Nonetheless, we agree with the Eleventh Circuit that "[a]s long as the nature and circumstances of the offense, including the offender's prior record, show the offense to be grave enough so that the enhanced penalty is not clearly out of line as a punishment for the offense, we will uphold the sentencing judge's determination of the appropriate sentence." *Pleasant*, 730 F.2d at 663.[2] Accordingly, this case is remanded to the district court for its resentencing of Grier in light of our instructions.

---

**2.** There the underlying offense (26 U.S.C. § 5861(d)) carried a ten-year maximum imprisonment term so that the enhanced sentence was held to be within the proportionality requirement.