**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie GRIER III, Defendant–Appellant.**

No. 87–2805.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 1988.

Decided July 13, 1988.

W. Michael Fuiten, Noll Law Office, Springfield, Ill., for defendant-apellant.

J. William Roberts, U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Before CUMMINGS, FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

This is the second time this case has come before us with respect to the 20–year prison sentence imposed upon Grier as a dangerous special offender under 18 U.S.C. § 3575.[1] That statute provides that "the court shall sentence the [dangerous special offender] defendant to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony." 18 U.S.C. § 3575(b). Courts of appeals are empowered to "affirm the sentence, impose or direct the imposition of any sentence which the sentencing court could have originally imposed, or remand for further sentencing proceedings * * *." 18 U.S.C. § 3576.

As shown in our prior opinion (823 F.2d 177), Grier was convicted by a jury of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1), which carries a maximum penalty of two years' imprisonment.[2] Grier was found to be a dangerous special of-

---

1. The term "special offender" is defined in § 3575(e) and "dangerous" is defined in § 3575(f). Defendant does not challenge the district court's finding that he is a "dangerous special offender." This statute was repealed effective November 1, 1987, as part of the new guideline sentencing scheme.

2. This statute was repealed effective November 17, 1986, and replaced in relevant part by 18 U.S.C. §§ 922(g) and 924 carrying a five-year maximum for this offense.

fender and received a 20–year sentence. In *Grier I* we remanded the case to the district court for resentencing. The district court's imposition of a sentence ten times the two-year maximum sentence that Grier could have received for his underlying conviction was arguably "disproportionate in severity to the maximum [two-year] term otherwise authorized by law for such felony." In reviewing the applicable authorities in *Grier I*, we found none in which a tenfold enhancement was considered to satisfy the proportionality requirement of Section 3575 of the Dangerous Special Offender Act. Indeed the highest enhancement imposed appeared to be in *United States v. Pleasant*, 730 F.2d 657 (11th Cir.1984), where a 21–year sentence was approved, but it was well within the proportionality requirement since the underlying offense (26 U.S.C. § 5861(b)) carried a 10–year maximum imprisonment term. In other words, the *Pleasant* court permitted an approximately twofold enhancement rather than the tenfold enhancement imposed here.

Because of the Congressional imposition of a proportionality requirement, a sentence under the Dangerous Special Offender Act must have some relation to the underlying crime. Here, even considering the offender's prior record, this firearm possession offense, carrying only a two-year maximum penalty, is certainly not grave enough to justify an enhanced penalty of 20 years. Therefore, on remand we fully expected the district court to reduce Grier's sentence to satisfy the requisite proportionality.

Instead the district judge reimposed a 20–year sentence after reiterating anew matters in the presentence report showing Grier to be clearly "a bad seed" or "a bad egg," to use the district judge's terminology. The order on remand again adverted to Grier's prior record but in somewhat more detail than the first time around. The record revealed that Grier had been fined four times for various offenses, had a bond forfeited, had been twice placed on probation, and had received several sentences for aggravated battery, possession of a narcotic drug, forging a Treasury

check, and unlawful use of firearms. Despite this serious background, the Dangerous Special Offender Act requires the district court to "keep sight of the fact that the maximum sentence for the underlying felony is the only legitimate base for a proportional section 3575 sentence." *United States v. Felder*, 706 F.2d 135, 140 (3d Cir.1983). The Act therefore does not permit a district court to mete out as proportional a sentence ten times greater than the two-year maximum permitted for conviction of the firearm offense prescribed by 18 U.S.C.App. § 1202(a)(1).

Pursuant to our authority under 18 U.S.C. § 3576, the 20–year sentence imposed by Judge Mills is reduced to a ten-year term in order to satisfy the proportionality requirement of 18 U.S.C. § 3575(b). In reaching that result and to avoid being arbitrary, we have consulted the new sentencing guidelines and table (without passing on their validity) as a point of reference. We have also noted that the sentencing table provides for sentences without parole whereas parole possibility exists here.

The cause is remanded to the district court with directions to resentence Grier to a prison term of ten years.