**UNITED STATES of America,**
**Appellee,**

v.

**Augustine RIZZO, Appellant.**

**No. 600, Docket 73–2428.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 21, 1973.

Decided Jan. 24, 1974.

Michael J. Hutter, Buffalo, N. Y., for appellant.

Anne M. Srebro, Asst. U. S. Atty. (John T. Elfvin, U. S. Atty., W. D. N. Y., of counsel), for appellee.

Before FRIENDLY, HAYS and OAKES, Circuit Judges.

PER CURIAM:

■ The only question of substance presented relates to the absence of evidence in respect to the conspiracy charge to show that appellant knew the interstate character of the theft, involving a piggy-backed trailer of 105 Sylvania color television sets. While circumstantial evidence is sufficient to prove knowledge, United States v. Cardillo, 316 F.2d 606 (2d Cir. 1963), there is nothing in this record from which the jury could infer that appellant knew that the stolen cartons had been traveling in interstate commerce other than the fact that the particular trailer in question came from the Bison Yard of the Norfolk & Western Railroad. But there is nothing to show that appellant knew that only trains traveling interstate would come to that yard or that the Norfolk & Western only shipped interstate to Buffalo; Indeed, he might—had he thought at all about it—have thought that the television sets in question were manufactured at some other Sylvania plant in New York State, and placed in their trailer on the flat bed car (which could have belonged to any railroad so far as the record appears). The Government is reduced to arguing (Gov't Brief at 12) that "one could reasonably infer that Rizzo, as a resident of North Tonawanda, New York, knew that the only Sylvania operation in the Western New York area was a warehousing operation and so knew the sets had to have been manufactured and sent in from out-of-state." We do not believe that the residents of North Tonawanda can be charged with such general knowledge or knowledge that Sylvania does not have a manufacturing operation somewhere in New York State other than the western portion thereof. Accordingly we must reverse on the conspiracy count although this reversal does not affect the propriety of the conviction on the substantive count. See United States v. De Marco, 488 F.2d 828, 832 (2d Cir. 1973); United States v. Alsondo, 486 F.2d 1339, on petition for rehearing (2d Cir. 1973), 486 F.2d at 1346. Here there was no question but that, as in De Marco, the jury clearly could have found both that the goods in appellant's possession were in fact stolen from an interstate shipment and that the appellant believed the goods he possessed to be stolen, so as to be sufficient on the substantive count. Although the appellant attacks the adequacy of the instruction as to knowledge in the substantive count, Judge Curtin's charge was free from fault. Following United States v. De Marco, 488 F.2d at 833, we remand the case to the district court for review of sentence on the possibility that the conviction on both counts "might have affected the punishment set for each." By doing so, as in De Marco, we by no means imply any view as to whether the sentence on the substantive count should be modified in any respect.

Judgment affirmed in part, reversed in part and remanded for reconsideration of sentence.