UNITED STATES of America, Appellee,

v.

**Darryl Wayne FLENOID, Appellant.**

No. 83-1382.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1983.

Decided Oct. 12, 1983.

Thomas E. Dittmeier, U.S. Atty., David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Klamen & Danna, Ronald N. Danna, Clayton, Mo., for appellant.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

A jury convicted Flenoid of violating 18 U.S.C.App. § 1202(a)(1) (possession by a convicted felon of a firearm in interstate commerce) and he appeals the conviction

and two-year sentence imposed by the district court.[1] Having reviewed the record, we reject Flenoid's contentions, and affirm the judgment of the district court.

■ Flenoid raises three issues. First, he argues that the trial judge erred in receiving testimony concerning the date and nature of Flenoid's four previous felony convictions. Flenoid had offered to stipulate that he was a felon, and contends that the testimony concerning his convictions served only to prejudice the jury.

We conclude that the trial judge did not err in admitting the evidence. The government need not accept a defendant's offer to stipulate to previous convictions where, as here, proof of such convictions is a necessary element of the prosecution's case. *United States v. Bruton,* 647 F.2d 818, 824–25 (8th Cir.), *cert. denied,* 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981). Here, the record indicates that the government did nothing more than have a witness read aloud from Flenoid's probation file the dates on and offenses for which Flenoid had been convicted. This manner of presentation seems appropriate and does not unduly emphasize the defendant's prior record in a way other than appropriate to prove an essential element of the charge against him.

■ Second, Flenoid contends that the government failed to prove that the gun he possessed had travelled in interstate commerce. The government called as a witness the records administrator from Smith & Wesson, who testified to the regularity of records showing that Smith & Wesson had manufactured a gun matching the description and bearing the serial number of Flenoid's and had shipped the weapon in 1969 from the factory in Massachusetts to a dealer in Missouri. Flenoid calls this testimony inadmissible hearsay because the records administrator admitted he did not himself place the serial number on the gun at the time of manufacture.

The testimony is admissible under Fed.R. Evid. 803(6), the business records exception to the hearsay rule.[2] Nothing in the testimony of the witness, or in the method or circumstances of the records' preparation, indicates lack of trustworthiness. The information in the records falls squarely within the exception for records of regularly conducted business activity. Accordingly, we reject this claim of error.

Third, Flenoid argues that the government failed to prove beyond a reasonable doubt that Flenoid actually possessed the firearm in question. On this issue, the government presented only the testimony of the arresting officer, who said he saw Flenoid bend down and reach under the car seat at the moment after the police stopped the car and began to approach it. The police found the gun in the place where Flenoid had reached under the car seat. The passenger sitting beside Flenoid testified that Flenoid did not reach beneath the seat. No one testified to having seen Flenoid in actual possession of the gun.

■ Mere presence as a passenger in a car from which the police recover contraband or weapons does not establish possession. But testimony that the defendant may have placed something in the spot where the police later found the weapon can support a finding of possession. *See United States v. Whitfield,* 629 F.2d 136,

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

2. Rule 803(6) provides that the following are not excluded by the hearsay rule:

**Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

143 (D.C.Cir.1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981); *United States v. Bethea,* 442 F.2d 790, 793 (D.C.Cir.1971). The jury here was entitled to decide whose testimony it would believe—the police officer's or Flenoid's co-passenger's. The police officer's testimony provided sufficient evidence to support the conviction.

Accordingly, we affirm.