**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Cecil Edward PUGH,**
**Defendant-Appellant.**

**No. 82–7305.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 5, 1983.

Frank D. Cunningham, Mobile, Ala., for defendant-appellant.

J.B. Sessions, III, U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before HILL and KRAVITCH, Circuit Judges, and MORGAN, Senior Circuit Judge.

JAMES C. HILL, Circuit Judge:

Acting on information received from a confidential informant that Cecil Edward Pugh would be at a Burger King in Mobile, Alabama, with 1,000 quaalude tablets, fed-eral and state law enforcement officers stopped Pugh's vehicle in the parking lot of the Burger King. Pugh exited from the vehicle and a police officer saw a Baretta automatic .25 caliber pistol on the front seat. Another officer looked into the car and spotted a Remington 12 gauge shotgun with the stock and barrel sawed off. Pugh was arrested and charged with possession of a pistol after conviction of a felony, posses-sion of a shotgun after conviction of a felo-ny, and receipt of a shotgun after convic-tion of a felony, in violation of 18 U.S.C. App. § 1202(a)(1) (1976) and 18 U.S.C. § 922(h)(1) (1976). After a jury trial, Pugh was convicted of possession of a pistol and receipt of a shotgun and sentenced as a dangerous special offender under 18 U.S.C. § 3575 (1976). Pugh appeals his convictions and alleges that the district court erred in sentencing him as a dangerous special of-fender.

I.

Appellant contends that the government failed to comply with the notice require-ments of 18 U.S.C. § 3575 when it sought increased sentencing for Pugh as a danger-ous special offender. Section 3575(a) states that whenever the attorney prosecuting a defendant in a court of the United States for an alleged felony committed when the defendant was over twenty-one years of age has reason to believe the defendant is a dangerous special offender, the prosecutor may file a notice with the court "specifying that the defendant is a dangerous special offender who upon conviction for such felo-ny is subject to the imposition of a sentence under subsection" and "setting out with particularity the reasons why such attorney believes the defendant to be a dangerous special offender." Subsection (b) of section 3575 instructs the court to sentence a de-fendant to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the max-imum term otherwise authorized by law for the felony conviction if it appears by a preponderance of the information that the defendant is a dangerous special offender.

In the instant case, the United States Attorney filed a dangerous special offender notice which states that the defendant Pugh is a dangerous special offender and then lists Pugh's five prior felony convictions as the reasons the United States believes Pugh to be a dangerous special offender.[1]

Appellant contends that while the notice sets forth the reasons why he is a "special offender," it does not state with particularity the reasons why the government believes the defendant to be "dangerous." Pugh asserts that from the notice provided, it was impossible to prepare adequately to defend the allegations which the United States Attorney would use to prove the dangerous

aspect of section 3575. Pugh relies primarily on *United States v. Kelly,* 519 F.2d 251 (8th Cir.1975). In *Kelly,* the notice stated that the defendant is a special offender and then listed two prior felony convictions. The notice also contained a conclusory statement which simply said the defendant is dangerous within the meaning of 18 U.S.C. § 3575(f) thereby requiring a longer period of confinement to protect the public from further criminal conduct by the defendant. *Id.* at 255. The Eighth Circuit agreed with the district court's conclusion that the notice was insufficient because it failed to set forth any reasons why the government believed the defendant to be dangerous. *Id.* at 255–56; *see United*

---

1. The dangerous offender notice read:

   1. Comes now the United States of America and gives notice to the Defendant and specifies that the Defendant is a dangerous special offender who upon conviction for the above offense is subject to imposition of a sentence pursuant to the provisions of Title 18, United States Code, Section 3575(b).

   2. The reasons the United States believes the Defendant to be a dangerous special offender are as follows:

   The Defendant has previously been convicted in the courts of the United States, and a State, including the State of Alabama, for five felony offenses, committed on occasions different from one another and from such felony and punishable in such courts by imprisonment in excess of one year on each offense, and for one or more of such convictions the Defendant has been in prison prior to the present felony and less than five years have elapsed between the commission of the present felony and from the Defendant's release on parole or otherwise from imprisonment for one such conviction, and his commission of the last such previous offense or another offense punishable by imprisonment in excess of one year under the applicable laws of the United States, a State, including the State of Alabama, and said convictions are as follows:

   | DATE | CHARGE | DISPOSITION |
   | --- | --- | --- |
   | 12/01/60 | Grand Larceny | 2 years Suspended Sentence |
   | 12/11/61 | Interstate Transportation of Stolen Motor Vehicle | Indeterminate sentence pursuant to Title 18, United States Code, Section 5010(b) |
   | 03/24/65 | Burglary | 3 yrs. Alabama State Penitentiary (Parole 07/04/66) |
   | 04/03/75 | False Statement to Obtain Loan | 6 months in custody, Federal Correctional Institute, Seagoville, Texas, with remainder of sentence on probation |
   | 07/03/79 | False and Fraudulent Income Tax Return | 3 months, Federal Prison Camp, Maxwell Air Force Base, with 3 years probation |

   3. Please take note that the United States expects to rely on the above convictions and any other appropriate evidence in order to subject the Defendant, CECIL EDWARD PUGH, to the imposition of a sentence under Title 18, United States Code, Section 3575(b), subjecting him to an appropriate term not to exceed 25 years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony; otherwise the Defendant shall be sentenced in accordance with the law prescribing penalties for the charges contained in the indictment pending against him. In further support of this motion the United States cites and

*States v. Kelly,* 384 F.Supp. 1394, 1399–1400 (W.D.Mo.1974).

Rather than a conclusory statement that the defendant is dangerous, the notice in this case states that Pugh is a dangerous special offender and then details Pugh's prior felony convictions. In determining whether Pugh was dangerous, the district court did not rely on any information other than the five prior felony convictions and the defendant's two current felony convictions for possession and receipt of two firearms. We agree with the court in *United States v. Warme,* 572 F.2d 57 (2d Cir.1978), that a list of prior convictions may be used by the government as the reasons why the United States Attorney believes the defendant is dangerous. The government in *Warme* filed a five-page notice listing each of the five crimes for which the appellant was convicted and containing the general statement that the Assistant United States Attorney believes defendant to be dangerous. The Second Circuit held that the notice was sufficient under 18 U.S.C. § 3575(a): "The government was entitled to rely upon appellant's prior convictions to particularize both the reason that appellant was a special offender and the reason that he was dangerous, at least where that was the basis on which the government proceeded at the special hearing." *Id.* at 61 n. 4.

Pugh's notice is much more particularized than the notice in *Warme* since it does not contain merely a general statement that Pugh was dangerous but instead specifies, by listing his five prior felony convictions, the reasons Pugh is alleged to be a dangerous special offender. It also clearly states that the United States expects to rely on the convictions cited in order to subject Pugh to sentencing under the dangerous special offender provision. Pugh's contention that the notice was insufficient to allow him to defend the government's allegation that he was dangerous is unfounded. Therefore, we conclude that the notice provided to Pugh fully complied with the particularity requirement of 18 U.S.C. § 3575(a).

adopts by reference all pleadings and materi-

## II.

Pugh also maintains that the government improperly gave notice to the presiding judges of its allegation that Pugh is a dangerous special offender. Section 3575(a) provides in pertinent part:

In no case shall the fact that the defendant is alleged to be a dangerous special offender be an issue upon the trial of such felony, be disclosed to the jury, or be disclosed before any plea of guilty or nolo contendere or verdict or finding of guilty to the presiding judge without the consent of the parties.

In *United States v. Bailey,* 537 F.2d 845, 849 (5th Cir.1976), *cert. denied,* 429 U.S. 1051, 97 S.Ct. 764, 50 L.Ed.2d 767 (1977), the court held that the government in a criminal case should be held strictly to the literal language of section 3575(a), thereby prohibiting not only the disclosure of the allegations within the notice but also the bare fact that a notice of dangerous special offender has been filed.

The United States Attorney put the notice alleging Pugh to be a dangerous special offender in a sealed envelope. This envelope was improperly placed in the court file before Judge Hand ruled on Pugh's motion to suppress the firearms and prior to the trial presided over by Judge Cox. The following was typed on the outside of the sealed envelope:

Criminal No. 82–00010

UNITED STATES OF AMERICA

VS.

CECIL EDWARD PUGH

DOCUMENT FILED BY UNITED STATES ATTORNEY PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3575(b).

PLACED UNDER SEAL, NOT TO BE OPENED UNLESS BY AUTHORITY OF UNITED STATES ATTORNEY.

JOHN V. O'BRIEN, CLERK

After the verdicts of guilty were read in open court, the United States Attorney in-

als heretofore filed in this matter.

formed Judge Cox for the first time that the prosecutor had filed a dangerous special offender notice in this case.

Under the circumstances of this case, the mere fact that an envelope referring to 18 U.S.C. § 3575(b) was placed in the court file does not violate section 3575(a) and render the increased sentence unlawful. Nothing in the file referred by words to the dangerous special offender statute. Counsel for both parties represented to the court at oral argument that this case was the first time the dangerous special offender provision had been used in the Southern District of Alabama. It is mere speculation that if either of the two judges had seen the envelope he would have translated the statutory numbers into an awareness that Pugh is alleged to be a dangerous special offender. The judge who presided over appellant's trial stated in an order denying Pugh's motion to dismiss the dangerous special offender notice that he was not aware the notice had been filed in the case until the United States Attorney informed him after the jury verdict was received.

While there is no such statement by the judge who presided over the suppression hearing, his ruling denying Pugh's motion to suppress the firearms was the only correct ruling since the evidence clearly shows that the officers acted with legal authority when they seized the firearms from Pugh's automobile. In his concurring opinion in *United States v. Bailey,* Judge Gee observed that some deviations from the prescribed statutory scheme may be, at worst, merely harmless error. 537 F.2d at 850. Thus, even the speculative chance that the judge presiding over the motion to suppress might have inadvertently become aware that Pugh was alleged to be dangerous would have been harmless error because there was no basis to suppress the firearms.

We accordingly hold that under the facts of this case where the only notice of the allegation that the defendant is a dangerous special offender is the statutory citation to section 3575(b), where the dangerous special offender provision had never been used before in the district, where there is no evidence that the presiding judge saw the statutory citation, much less understood its significance, and where the ruling of the presiding judge who may have seen the statutory reference was the only correct ruling from the evidence, the proscription on notice in 18 U.S.C. § 3575(a) has not been violated.

III.

Pugh further alleges the following grounds for reversal of his convictions or sentence: the trial court erred in failing to suppress the firearms seized from the vehicle; the court erred in allowing the jury to hear evidence concerning the possession of the shotgun; the court erred in permitting the jury to consider the charge under both 18 U.S.C. app. § 1202(a)(1) and 18 U.S.C. § 922(h)(1); the government failed to establish sufficient evidence that the firearms were involved in interstate commerce; and the trial court erred in considering a conviction of Pugh as a youthful offender when imposing sentence. We have carefully considered each of these contentions but find them to be without merit. Therefore, the convictions and sentence of the appellant are

AFFIRMED.