45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan LOPEZ-ROBLES, Defendant-Appellant.
 No. 94-10111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1994.*
Decided Dec. 20, 1994.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Lopez-Robles appeals from his convictions for unlawful possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922(g)(1), and for making false statements in acquisition of firearms (aiding and abetting), in violation of 18 U.S.C. Secs. 922(a)(6), 2. Lopez-Robles also appeals from his sentence, contending that his two-point sentence enhancement under U.S.S.G. Sec. 3B1.1(c) for being an "organizer, leader, manager, or supervisor" of participants in criminal activity was improper. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(a). We affirm.
 
 
 2
 Lopez-Robles contends that the evidence was insufficient to convict him for the unlawful possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922. Section 922(g)(1) provides that it is unlawful for any person "who has been convicted in any court [of a felony] ... to ... possess in or affecting commerce, any firearm...."
 
 
 3
 Lopez-Robles argues that he did not knowingly "possess" a firearm. Possession can be proven by showing "actual" (e.g. physical) possession or "constructive" possession. Constructive possession requires a showing of a "sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over [it]." United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990), quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). The evidence must show ownership or dominion and control over the gun or the locations where the gun is kept. United States v. Soto, 779 F.2d 558, 560 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987). There is sufficient evidence of possession if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lennick, 18 F.3d 814, 818 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994). The testimony of an accomplice is enough to sustain a conviction unless that testimony is incredible or insubstantial on its face. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 
 4
 The evidence in this case is sufficient. Two pawn shop employees, Fliegman and Collazo, testified that Lopez-Robles discussed the sale of the guns and actually handled the guns in the store. Two relatives of Lopez-Robles also testified that they bought the guns at the direction of Lopez-Robles and that Lopez-Robles took the guns after they were purchased. Crediting this testimony, the jury could have found that Lopez-Robles had (at a minimum) constructive possession of the guns. The inconsistencies in testimony pointed out by Lopez-Robles, and that some of the witnesses received promises in exchange for their testimony, does not render the testimony incredible on its face. Lopez-Robles engaged in the cross-examination of each witness, and the jury was told that some of the witnesses had not been indicted. The fact that a witness's testimony is not "the most lucid or even believable" does not render the testimony "inherently implausible." United States v. Rojas, 554 F.2d 938, 943 (9th Cir.1977). Viewed in the light most favorable to the government, there is sufficient evidence to uphold the conviction.
 
 
 5
 Lopez-Robles also argues that there was insufficient evidence to convict him of aiding and abetting in the making of false statements in acquisition of a firearm, in violation of 18 U.S.C. Secs. 922(a)(6), 2. The government must prove that the false statements made to acquire a firearm were (1) made to a licensed firearm dealer, (2) for the purpose of buying a firearm, (3) that Lopez-Robles knew the statements were false, and (4) that the statements were intended or likely to deceive the seller into thinking that the firearms could be sold legally. Lopez-Robles aided and abetted this crime if he associated himself with the venture and sought to make it succeed through his actions. United States v. Vasquez-Chan, 978 F.2d 546, 552 (9th Cir.1992).
 
 
 6
 We have already determined that the relatives' testimony was not inherently implausible. That testimony, if credited by the jury, coupled with the testimony by the shop owners, establishes that false statements were knowingly made regarding the purpose of buying the weapons, and that such statements were made to a licensed gun dealer. Lopez-Robles directed his relatives to buy the guns, and gave his brother money for the guns. This establishes that he aided and abetted in the offense. The evidence is therefore sufficient.
 
 
 7
 Lopez-Robles also challenges the district court's two-point upward departure at sentencing based on U.S.S.G. Sec. 3B1.1(c), which allows the departure if a defendant is an "organizer, leader, manager, or supervisor" of participants in criminal activity. A "participant" is someone who "is criminally responsible for the commission of the offense, but need not have been convicted." United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990), quoting U.S.S.G. Sec. 3B1.1 (comment note 1). Lopez-Robles's relatives were clearly "participants" in the scheme. So long as Lopez-Robles organized, led, managed or supervised his relatives, he is eligible under section 3B1.1 for an upward adjustment. The district judge found that Lopez-Robles "got these two individuals to purchase the weapons for him and instructed them on how to do so." There was also testimony that Lopez-Robles provided the money to buy at least some of the guns. The district court's findings are reviewed for clear error, United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991), and in light of the testimony at trial, the findings made here were not clearly erroneous. Therefore, Lopez-Robles was eligible for an upward sentence adjustment based on section 3B1.1(c) of the Guidelines.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4