**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Justin Dean ANDERSON,**
**Defendant–Appellant.**

**No. 06–10347.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed March 22, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Don Gifford, U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael D. Powell, Esq., FPDNV—Federal Public Defender's Office, RENO, NV, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Justin Anderson ("Anderson") appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We affirm.

█ The district court did not commit reversible error in its response to the second question posed by the jury. A district court possesses wide discretion in how it responds to a jury question and a reference to the original instructions, while not always the best course of action, is within the bounds of this discretion. *Arizona v. Johnson,* 351 F.3d 988, 993–98 (9th Cir.

---

* This disposition is not appropriate for publication and is not precedent except as provided

2003). Here, the district court encouraged the jury to review all the instructions before it, which included an instruction correctly answering the second question.

█ Sufficient evidence existed to support the conviction. In reviewing the sufficiency of the evidence, the "test is whether the evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict." *United States v. Terry,* 911 F.2d 272, 278 (9th Cir.1990) (quoting *United States v. Soto,* 779 F.2d 558, 560 (9th Cir.1986)). The jury heard evidence that Anderson picked up the firearm and held it in his hand. This evidence was sufficient to allow a rational jury to conclude that he consciously possessed the firearm, and a rational jury could have discredited Anderson's defense that he possessed the firearm by mistake or accident. Therefore, under our very deferential standard of review, sufficient evidence existed to sustain the verdict.

**AFFIRMED.**