UNITED STATES of America, Plaintiff—Appellee,

v.

Cleveland Dante NELSON, III, Defendant—Appellant.

No. 07–30269.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted on July 9, 2008.

Filed July 22, 2008.

Cam J. Barker, U.S., U.S. Department of Justice, Criminal Div Appellate Section, Washington, DC, Stephen F. Peifer, Esq., Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Gerald Needham, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: PREGERSON and REINHARDT, Circuit Judges, and STROM, District Judge.*

## MEMORANDUM **

Appellant Cleveland Dante Nelson, III, ("Nelson") appeals his conviction in the United States District Court for the District of Oregon for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A jury found Nelson guilty of the offense on January 10, 2007, and the district court subsequently sentenced him to seventy months of imprisonment. On appeal, Nelson argues: (1) the district court abused its discretion in permitting a police officer to testify as an expert regarding the connection between gloves and illegal firearm possession; (2) the district court abused its discretion in permitting lay witnesses to testify that the firearm's position in the stopped car was inconsistent with it having been placed there prior to the traffic stop; and (3) there was insufficient evidence presented at trial to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I.

Nelson contends the district court abused its discretion in permitting Officer Ryan Derry, a Portland police officer, to testify as an expert under Federal Rule of Evidence 702 regarding the connection be-

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tween gloves and illegal firearm possession.

Federal Rule of Evidence 702 states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"A district court's rulings on the admissibility of expert testimony are reviewed for an abuse of discretion." *United States v. Hankey,* 203 F.3d 1160, 1167 (9th Cir. 2000). "Such rulings will be reversed only if 'manifestly erroneous.' " *Id.* (quoting *General Electric Co. v. Joiner,* 522 U.S. 136, 142, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

The district court held a pretrial motion hearing and considered Officer Derry's qualifications and concluded Officer Derry could testify as an expert based on his experience and training. We find that conclusion was not "manifestly erroneous," and the district court did not abuse its discretion.

## II.

■ Nelson next contends that the district court abused its discretion in permitting Officer Derry and Officer Jay Harris to testify that they believed the gun could not have been placed under the seat until after the traffic stop was initiated based on the precarious position in which the officers found the gun and based on the manner in which the driver had been maneuvering the vehicle prior to the stop. Nelson contends: (1) the officers' testimony was not a proper subject for lay witness testimony under Federal Rule of Evidence 701 because it required scientific, technical or specialized knowledge; and (2) the testimony was not proper under Rule 702 because the officers lacked the requisite scientific, technical or specialized knowledge to testify as experts on the subject. The officers did not testify as experts on this subject; therefore, our inquiry is whether the district court abused its discretion in permitting the officers' testimony under Rule 701.

Federal Rule of Evidence 701 states:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"The admissibility of lay opinion testimony under Rule 701 is committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a clear abuse of discretion." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1058 (9th Cir.2008) (citing *United States v. Yazzie,* 976 F.2d 1252, 1255 (9th Cir.1992)).

The officers were in the unique position of observing both the manner in which the vehicle was driven prior to the stop and the precise location and position in which the gun was discovered, and their opinions

did not require scientific, technical or other specialized knowledge. We find the district court did not abuse its discretion in permitting the officers to offer opinion testimony under Rule 701.

### III.

Nelson's final argument is that the government presented insufficient evidence to support his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following his conviction, Nelson filed a motion for judgment of acquittal, which the district court denied.

Our standard of review is *de novo*. *United States v. Younger*, 398 F.3d 1179, 1192 (9th Cir.2005). In reviewing the sufficiency of the evidence, the "test is whether the evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict." *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990) (quoting ·*United States v. Soto*, 779 F.2d 558, 560 (9th Cir.1986)). There is sufficient evidence to support a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir.2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "Conflicting evidence is to be resolved in favor of the jury verdict, and 'all reasonable inferences are to be drawn in favor of the government.'" *United States v. Corona–Verbera*, 509 F.3d 1105, 1117 (9th Cir.2007) (quoting *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir.2000)).

The only element of 18 U.S.C. § 922(g)(1) that Nelson disputes is posses-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

sion. "To prove constructive possession, the government must prove 'a sufficient connection between the defendant and the [gun] to support the inference that the defendant exercised dominion and control over the [gun].'" *Terry*, 911 F.2d at 278 (quoting *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir.1986)).

We find that the government presented sufficient circumstantial evidence that, when viewed in the light most favorable to the government, sustains the jury's verdict of guilty beyond a reasonable doubt.

AFFIRMED.