MEMORANDUM *
Emigdio Madueño appeals his convictions for (1) conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(l)(B)(vn) and 846; and (2) for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Madueno also appeals the district court’s refusal to sever his trial from that of a codefendant, Alejandro Lopez. We have jurisdiction under 28 U.S.C. § 1291.
Madueño here argues that there is insufficient evidence to support the jury’s verdict on each charge. We review de novo claims of insufficient evidence to determine whether, “viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Sullivan, 522 F.3d 967, 974 (9th Cir.2008) (internal quotation marks omitted). We affirm the first conviction, reverse the second conviction, and remand for resentencing.
Sufficient evidence supports Madueño’s drug conspiracy conviction. See United States v. Barragan, 263 F.3d 919, 922 (9th Cir.2001) (“To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense.” (internal quotation marks omitted)). “[A]n agreement may be inferred from the defendant’s acts or from other circumstantial evidence[.]” United States v. Lennick, 18 F.3d 814, 818 (9th Cir.1994). “Once the existence of a conspiracy is established, substantial evidence of only a slight connection to the conspiracy is sufficient to convict for participation in the conspiracy.” United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994) (internal quotation marks omitted). The government has more than met this burden here. The evidence shows that law enforcement arrested Madueño and Mark Orantez, a co-conspirator, in a house that contained twenty bales of marijuana, weighing approximately 422 pounds. Based on the testimony of law enforcement, Madueño was not seen entering or leaving the house during sixteen hours of constant surveillance leading up to the bust, and therefore he was likely present at the house throughout that time. When the officers entered the house, Madueño was sitting at a kitchen table that had marijuana on it. Near him, on the kitchen counter, sat a scale that was capable of weighing up to 400 pounds. In the house, officers also found packaging materials that were covered in transmission fluid, indicating that they had been used to wrap the marijuana and conceal its odor. Additionally, Madueño had the cellular phone numbers of several of the co-conspirators programmed in his cellular phone. Telephone records showed that on the day Orantez delivered the marijuana to the house, Madueño made or received ten calls to and from Orantez and had one call with another co-conspirator, Armando Rosas.
As to the conviction for possession of a firearm in furtherance of a drug trafficking crime, the government did not present sufficient evidence that Madueño or any *113 co-conspirator possessed the firearm. See 18 U.S.C. § 924(c)(1)(A) (requiring possession); United States v. Ruiz, 462 F.3d 1082, 1088 (9th Cir.2006) (proof of possession by a co-conspirator is sufficient to sustain a conviction). The mere presence of the firearm in the residence is insufficient to prove possession. See Ruiz, 462 F.3d at 1089. “[T]he argument that ‘somebody must have possessed the weapons because they were there’ is insufficient evidence of control or intent to control the weapons by one or more identified individuals.” Id. at 1088-89. The possibility that Madueño could have accessed the gun, even though there was no evidence that he was aware of its presence, is also insufficient. See id. at 1089 ([AJccess to the premises does not equate to possession [of a firearm].); see also United States v. Nevils, 548 F.3d 802, 806 (9th Cir.2008) (“In general, a person is in possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.” (citation omitted)); United States v. Soto, 779 F.2d 558, 560 (9th Cir.1986) (Mere proximity to a weapon “goes only to its accessibility, not to the dominion or control which must be proved to establish possession.”).
Although we note that Madueño received the statutory mandatory minimum sentence on the drug conspiracy count, our reversal of the firearm conviction may make Madueño eligible for the safety valve provision of 18 U.S.C. § 3553(f), which would then require the court to sentence him “without regard to any statutory minimum.” See United States v. Mejia-Pimental, 477 F.3d 1100, 1109 (9th Cir.2007) (citation omitted).
Madueño filed a pretrial motion to sever his trial from his codefendant’s trial under Federal Rule of Criminal Procedure 14. Madueño failed to renew this motion at the close of all evidence, and therefore we need not address this issue on appeal. See United States v. Plache, 913 F.2d 1375, 1378 (9th Cir.1990) (failure to renew motion to sever at the close of all evidence waives appellate review).
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.