MEMORANDUM **
The sole issue in this appeal is whether the district court correctly found that there was insufficient evidence that Tustuji Matu Wakauwn knowingly possessed the *927 revolver that was the subject of his indictment for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and review de novo the motion for judgment of acquittal, United States v. Magallon-Jimenez, 219 F.3d 1109, 1112 (9th Cir.2000). Drawing all reasonable inferences in support of the jury’s verdict, we nevertheless agree with the district court that a reasonable finder of fact could not have concluded beyond a reasonable doubt that Wakauwn possessed the revolver.[1]
“We have held repeatedly that neither proximity to the contraband [ ][nor] presence on the property on which contraband is recovered ... is sufficient proof of ... possession.” United States v. Chambers, 918 F.2d 1455, 1459 (9th Cir.1990) (collecting eases). Some additional “connecting” evidence is necessary for the prosecution to meet its burden of proof. See United States v. Soto, 779 F.2d 558, 560-61 (9th Cir.1986). Here, the Government’s effort to connect Wakauwn to the revolver falls short.
This is not a situation where, in a limited access area, the Government demonstrated an absence of other individuals who could have deposited the item. Cf. United States v. Bernard, 48 F.3d 427, 429-30 (9th Cir.1995). The revolver was found in an open lot that was accessible to any member of the public, making it plausible that another individual placed it on the truck step before the police were in the area.
The Government’s reliance upon Wak-auwn’s “evasive conduct” is also misplaced. Wakauwn was never asked or instructed by Detective Isakson to remain on the scene. When eventually approached by officers, Wakauwn was cooperative.
The Government emphasizes that Wak-auwn lied about removing an item from the vehicle and argues that this deception is circumstantial evidence of his guilt. Even with all reasonable inferences drawn in the Government’s favor, the evidence does not support any finding as to what the mysterious black object in Wakauwn’s right hand could have been. The record as it stands encourages speculation, not the drawing of reasonable inferences.
Circumstantial evidence may be sufficient to establish possession beyond a reasonable doubt, but in this case, the evidence is too circumstantial and the inferences that the Government asks the fact finder to make are — in the words of the district court — “simply ... stretched too far.”
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because the parties are familiar with the factual and procedural history of the case, we do not repeat it here.